**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Antonio FUENTES–ANAYA,
Defendant–Appellant.**

**No. 05–40771.
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Jose Antonio Fuentes–Anaya (Fuentes) pleaded guilty to illegal reentry after deportation and was sentenced to 46 months of imprisonment, two years of supervised release, and a $100 special assessment that was ordered remitted on motion of the Government.

Fuentes argues for the first time on appeal that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is dismissed for lack of jurisdiction because it is not ripe for review. *See United States v. Riascos-Cuenu,* 428 F.3d 1100 (5th Cir.2005).

Fuentes's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Fuentes contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* ––– U.S. ––––, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Fuentes properly concedes that his argument is foreclosed in light of *Almendarez–*

---

*Torres* and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.